UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THOMAS G. SNEDDEN,**

      Plaintiff,

v.                                                                              Case No. 8:15-cv-2059-T-AAS

**CAROLYN W. COLVIN,**
**Commissioner of Social**
**Security Administration,**

      Defendant.
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Section 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") for the denial of his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the Court orders that the Commissioner's final decision is **REVERSED and REMANDED** for further proceedings.

**I.      PROCEDURAL HISTORY**

Plaintiff protectively filed a Title II application for a period of disability, DIB, and protectively filed a Title XVI application for SSI on February 20, 2013. (Tr. 212–26). In both applications, Plaintiff alleged disability beginning September 16, 2009. (Tr. 105). The claims were denied at both the initial and reconsideration levels. (Tr. 100–39, 142–64). Plaintiff timely requested a hearing before an ALJ, which was held on January 29, 2014. (Tr. 53). The ALJ issued

an unfavorable decision to Plaintiff on June 23, 2014. (Tr. 53–66). Plaintiff then requested review from the Appeals Council, which was denied. (Tr. 1–7). Plaintiff timely filed a complaint with this Court. (Doc. 21). This case is now ripe for review under 42 U.S.C. § 405(g).

## II. NATURE OF DISABILITY CLAIM

### a. Statement of the Case

Plaintiff, who was born in 1960, alleged disability beginning September 16, 2009. (Tr. 105). Plaintiff completed high school and his past relevant work includes work as a heavy equipment operator, a tile installer, a bartender, a server, and a short order cook. (Tr. 64, 80, 83, 94–95, 246–47). Plaintiff alleged disability due to chronic lower back pain, left shoulder joint pain, and knee pain. (Tr. 84, 86, 246).

### b. Summary of the ALJ's Decision

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2014. (Tr. 57). The ALJ concluded that although Plaintiff worked after alleged disability onset date of September 16, 2009, that work activity did not rise to the level of substantial gainful activity. (Tr. 58).

After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments:

> bilateral shoulder dysfunction described as residual effect of acute injury with rotator cuff tear to the left shoulder and mild degenerative changes of the right shoulder/clavicle; bilateral knee dysfunction described as minimal genu valgus type change but no acute osseous process or significant joint space narrowing; lumbar spine dysfunction described as degenerative changes including disc protrusion at L3-4 with foraminal narrowing and disc bulges at L5-S1, L4-5, and L3-4 with some facet overgrowth but no spinal stenosis or fracture; and obesity.

(Tr. 58–59). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 59).

The ALJ determined that Plaintiff is unable to perform any past relevant work. (Tr. 64). The ALJ concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with postural, manipulative, and environmental limitations. (Tr. 60). Specifically, the ALJ found

> the claimant has the capacity to occasionally lift and carry 20 pounds and to frequently lift and carry 10 pounds. The claimant has the unlimited capacity to push and pull up to the weight capacity for lifting and carrying. The claimant has the capacity to stand and walk 6–8 hours in an 8-hour workday and has the capacity to sit 6–8 hours in an 8-hour workday. The claimant has the capacity to occasionally stoop, kneel, crouch, crawl, and climb stairs and ramps. Despite the evidence of the claimant's use of cane, there is no evidence an assistive device is medically necessary and no evidence the claimant has any limitations in the ability to balance. The claimant has no limitations in manipulative limitations except reaching overhead with the left arm is limited to occasionally.

(Tr. 60).

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were unpersuasive. (Tr. 61). Considering Plaintiff's noted impairments and the assessment of the Vocational Expert ("VE"), the ALJ determined Plaintiff could perform work as a fast food worker, a cashier, and a sales attendant. (Tr. 63). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 53–70).

## III.  LEGAL STANDARDS

### a.  Five-Step Disability Analysis

Eligibility for disability benefits requires that the claimant be disabled and therefore unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  To qualify as a disability, the physical or mental impairment(s) must be so severe that the plaintiff is not able to do previous work or any other substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

For making a disability determination, the Commissioner has established a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a).  The Eleventh Circuit has summarized the five-step process as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a [RFC] assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  At each step in the evaluation process, after the ALJ examines the applicable criteria for that step, if it is determined that the plaintiff is or is not disabled then the evaluation does not continue on to the next step. 20 C.F.R § 416.920(a)(4).  The plaintiff bears the burden of persuasion throughout the first four steps, and upon success at each of the first four steps, the burden then shifts to the Commissioner at step five. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

### b. Standard of Review

This Court's review of the Commissioner's findings is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 362 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)).

In determining whether the Commissioner's decision is supported by substantial evidence, the Court is not to reweigh the evidence. *Parker v. Bowen*, 793 F.2d 1177, 1178 (11th Cir. 1986). Rather, the Court must scrutinize the entire record to determine the reasonableness of the ALJ's findings. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). The Court's review is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled, taking into account evidence favorable and unfavorable to the decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

When the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result or if the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This Court gives deference to the factual findings of the ALJ. *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F3d. 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP*, 95 F.3d 1079, 1082 (11th Cir. 1996)). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*

*v. Dep't of Health and Human Servs.*, 21 F3d. 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

**IV.     ANALYSIS**

Plaintiff raises one issue on appeal: whether the ALJ properly evaluated his need for an assistive device. Specifically, Plaintiff contends that the failure to properly recognize his use of an assistive device led to an incomplete hypothetical presented to the VE. (Doc. 21, p. 1–9). That, in turn, caused the Commissioner to form the conclusion that Plaintiff could perform a variety of jobs, and thus, was not disabled. (Tr. 65–66).

In response, the Commissioner asserts that the medical documentation establishing the need for a hand-held assistive device is not substantial and would not change the outcome even if properly considered. (Doc. 23 p. 8).

Social Security Ruling ("SSR") 96-9p states that, to find a hand-held assistive device is medically necessary, medical documentation must "establish[] the need for a hand-held assistive device to aid in walking or standing, and describ[e] the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9P, 1996 WL 374185, at *7 (1996). The ALJ must consider "all of the available evidence in the individual's record" when making a disability determination. SSR 06-3P, 2006 WL 2329939, at *1, 4 (2006) (citing 20 C.F.R § 404.1527(b)); *see Curry v. Comm'r. of Soc. Sec.*, 2015 WL 269039, at *3 (M.D. Fla. Jan. 21, 2015). The determination of the RFC must be "based on all relevant evidence of a claimant's remaining ability to do work despite his impairments." *Brouillette v. Comm'r. of Soc. Sec.*, 2015 WL 526823, at *3 (M.D. Fla. Deb. 9, 2015). All relevant evidence includes "all the relevant medical and other evidence in the record." *Brownell v. Comm'r. of Soc. Sec.*, No. 2:13-CV-173-FTM-DNF, 2014 WL 4809470, at *1 (M.D.

Fla. Sept. 26, 2014); *see Phillips v. Barnhart*, 357 F.3d 1232, 1238–39 (11th Cir. 2004); 20 C.F.R § 404.1520(e).

Here, the ALJ found that although Esther T. Opinion, M.D. prescribed a hand-held assistive device, "[it] was prescribed at [Plaintiff's] request and despite minimal clinical findings of the lower extremities." (Tr. 61). However, in reviewing the medical evidence, this Court finds more than minimal findings indicating Plaintiff's lower extremity conditions. For example, Jose A. Perez-Arce, M.D., a consultative examiner, noted on April 16, 2013 that Plaintiff was unable to toe and heel walk and unable to squat due to lower back pain. (Tr. 369). On August 19, 2013, Plaintiff requested a cane from Dr. Opinion (Tr. 381). Dr. Opinion prescribed Plaintiff a cane to assist with walking, especially with going up stairs. (Tr. 381). R. Marvin Freedy, M.D. examined x-rays of Plaintiff's knees and found both demonstrated minimal genus valgus type change. (Tr. 383). Dr. Freedy found a lumbar spine MRI of Plaintiff revealed some straightening of lumbar lordosis which may indicate musculoligamentoud spasm or strain; shallow left posterolateral disc protrusion with left-sided lateral recess and foraminal narrowing at L3-4; and disc bulges with some facet overgrowth at L5-S1, L4-5, L3-4. (Tr. 385). Chitra Ravindra, M.D. found Plaintiff had decreased range of motion in his knees, and weakness to manual muscle testing was present. (Tr. 388). Dr. Ravindra also found Plaintiff demonstrated gait deviations and difficulty with attempts to squat. (Tr. 388). Further, Plaintiff suffered from severe impairments, including bilateral knee dysfunction, lumbar spine dysfunction, and obesity. (Tr. 58–59).

In light of the foregoing, the Court determines that the medical records may support a need for an assistive device to aid in walking or standing. *See Brownell v. Comm'r. of Soc. Sec.*, No. 2:13-CV-173-FTM-DNF, 2014 WL 4809470, at \*1 (M.D. Fla. Sept. 26, 2014). Therefore, on remand, the ALJ should reexamine the medical records to determine Plaintiff's need for an

assistive device, and take that into consideration when determining his RFC and in shaping the hypothetical questions posed to the VE.

**V.     CONCLUSION**

Accordingly, and upon consideration, it is **ORDERED** that:

(1)     The decision of the Commissioner be **REVERSED and REMANDED** and the case be **DISMISSED**; and

(2)     The Clerk of Court enter final judgment in favor of Plaintiff consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DONE AND ORDERED in** Tampa, Florida, on this 28th day of November, 2016.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge