**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**THOMAS SNEDDEN,**

    **Plaintiff,**

v.                                                         **Case No. 8:15-cv-2059-T-AAS**

**NANCY W. BERRYHILL, Deputy
Commissioner for Operations, Social
Security Administration,**

    **Defendant.**
_____/

**ORDER**

Thomas Snedden's attorney, Michael Steinberg, moves for an award of $8,860.75 in attorney's fees under 42 U.S.C. § 406(b). (Doc. 28). In the motion, Attorney Steinberg states the Commissioner has been notified of the request for fees and "implicitly objected by not responding." (*Id.* at p. 7). After the deadline for responding to the motion had past, the court entered an order directing the Commissioner to respond to the motion by July 18, 2018. (Doc. 29). Otherwise, the court cautioned, the motion would be treated as unopposed. (*Id.*). As no response has been filed, this motion will be treated as unopposed.

Mr. Snedden applied for disability insurance benefits and supplemental security income. (Tr. 212–26). After disability specialists denied his applications initially and upon reconsideration, Mr. Snedden requested a hearing before an Administrative Law Judge ("ALJ"), who found Mr. Snedden not disabled. (Tr. 53–66,

1

100–30, 142–64). The Appeals Council denied Mr. Snedden's request for review of the ALJ's decision. (Tr. 1–7). Mr. Snedden then filed a complaint in this court. (Doc. 1). The court reversed and remanded the ALJ's decision. (Doc. 24).

The Commissioner found Mr. Snedden disabled on remand. Accordingly, the Social Security Administration (the "Administration") issued a Notice of Award. (Doc. 28-3). The Administration informed Mr. Snedden it withheld $8,860.75 from Mr. Snedden's past-due benefits to pay Mr. Snedden's attorney's fees. (*Id.* at 2). Attorney Steinberg now requests the full $8,860.75 award under 42 U.S.C. § 406(b). (Doc. 28).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Based on the fee agreement (Doc. 28-1) and Attorney Steinberg's itemization of services rendered (Doc. 28-2), an award of attorney's fees in the amount of $8,860.75 is appropriate.

Attorney Steinberg also stated he is requesting attorney's fees under 42 U.S.C. § 406(a) for work performed at the administrative level. (Doc. 28, p. 3). Under a separate fee agreement, Attorney Steinberg could be awarded twenty-five percent of Mr. Snedden's past-due benefits or $6,000.00 for work performed at the administrative level, whichever is lesser. (Doc. 28-1, p. 3). The combined fees under Sections 406(a) and 406(b) may not exceed twenty-five percent of past-due benefits.

2

*Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970)[1]; *see also Busby v. Comm'r of Soc. Sec.*, No. 3:14-CV-544-J-34PDB, 2016 WL 5339707 (M.D. Fla. July 13, 2016) (requiring the plaintiff's attorney to refund the plaintiff fees exceeding twenty-five percent of past-due benefits). Therefore, if Attorney Steinberg receives attorney's fees under Section 406(a), he must refund that award to Mr. Snedden.

Accordingly, it is **ORDERED**:

1. Attorney Steinberg's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 28) is **GRANTED**, and Attorney Steinberg is awarded $8,860.75 in attorney's fees.

2. Attorney Steinberg must refund Mr. Snedden any attorney's fees award he receives under 42 U.S.C. Section 406(a).

**ORDERED** in Tampa, Florida on this 19th day of July, 2018.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] The Eleventh Circuit adopted the former Fifth Circuit's decisions as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).